■ EMILY O'MARA, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendant. [819 NYS2d 263]—

Judgment, Supreme Court, Bronx County (Anne E. Targum, J.), entered January 12, 2005, after a jury trial, upon a verdict in favor of defendants, unanimously affirmed, without costs.

A verdict should not be set aside unless the jury could not

have reached its verdict on any fair interpretation of the evidence (*McDermott v Coffee Beanery, Ltd.*, 9 AD3d 195, 206 [2004]). Particular deference is to be accorded a jury verdict in favor of a defendant in a tort action (*id.* at 206-207). Thus, given that plaintiff, a mounted police officer who suffered a severe injury to the right temple area of her head, was unable to recall being thrown from her horse in the practice ring, and given her expert's concession that, depending on the circumstances, a properly fitted riding helmet would not always protect a person's head from a hard impact, the trial court properly denied plaintiff's motion to set aside, as against the weight of the evidence, the jury's verdict that, although the City was negligent in failing to provide plaintiff with a properly fitted helmet, such negligence was not a substantial cause of her accident.

We have considered plaintiff's other points regarding allegedly inconsistent findings, the allegedly improper bifurcation of the trial, the court's limitation of questioning of plaintiff's expert, and the submission of the issue of defendant Gonzalez's comparative negligence to the jury, and find them unavailing. Concur—Buckley, P.J., Andrias, Williams, Gonzalez and Malone, JJ.